HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
GEORGINA E. WAKEFIELD (Bar No. 282094)
(E-Mail: Georgina_Wakefield@fd.org)
CRAIG A. HARBAUGH (Bar No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
DANIEL FLINT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DANIEL FLINT, <br><br> Defendant. | Case No. CR 17-697-SJO <br><br> **DEFENSE PROPOSED JURY INSTRUCTIONS** <br><br> Trial Date: October 16, 2018 <br><br> The Honorable S. James Otero |

Daniel Flint, through his attorneys of record, Deputy Federal Public Defenders Georgina Wakefield and Craig Harbaugh, hereby file the defense proposed jury instructions. The government disputes these instructions.

                                                             Respectfully submitted,

                                                             HILARY POTASHNER
                                                             Federal Public Defender

DATED: October 12, 2018            By   */s/ GEORGINA E. WAKEFIELD*
                                                         GEORGINA E. WAKEFIELD
                                                         Deputy Federal Public Defender

1

DISPUTED INSTRUCTION NO. 1

DEFENDANT'S PROPOSED INSTRUCTION

[Reasonable Doubt]

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, it after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

If you view the evidence in the case as reasonably permitting either of two conclusions -- one of innocence, the other of guilt -- you must adopt the conclusion of innocence.

Source: Ninth Circuit Model Criminal Jury Instruction No. 3.5 (2010 ed.) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Ed. 2008), § 12.10 (last sentence).

1 DISPUTED INSTRUCTION NO. 2
2 DEFENDANT'S PROPOSED INSTRUCTION
3 [Elements of Entering Aircraft or Airport Area in Violation of Security Requirements]

The defendant is charged in the Indictment with violating Section 46314 of Title 49 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant entered an airport area that serves an air carrier, namely a sterile area of Terminal 3 at the Los Angeles International Airport;

Second, the defendant's entry into that area violated a particular security regulation promulgated under 49 U.S.C. §44901 or §44903(c);

Third, the defendant acted knowingly and willfully; and

Fourth, the defendant also acted with the intent to evade the particular security regulation.

Source: 49 U.S.C. § 46314 (modified to reflect the Indictment).

DISPUTED INSTRUCTION NO. 3

DEFENDANT'S PROPOSED INSTRUCTION

[First Element -- Entry Defined]

"Enter" means the precise moment when a person crosses the threshold between one area and another. You must unanimously agree on the act of entry.

Source: *Black's Law Dictionary* at 611 (9th ed. 2009); *New Oxford American Dictionary* at 578 (3d ed. 2010).

DISPUTED INSTRUCTION NO. 4

DEFENDANT'S PROPOSED INSTRUCTION

[Second Element -- Entry in Violation of Security Regulation]

In order to find that the defendant entered Terminal 3 at the Los Angeles International Airport in violation of a particular security regulation promulgated under 49 U.S.C. §44901 or §44903(c), the government must prove beyond a reasonable doubt that Mr. Flint entered that area without submitting to the screening and inspection of his person and accessible property in accordance with the procedures being applied to control access to that terminal under Title 49 of the Code of Federal Regulations, Subtitle B, Chapter XII, Subchapter C. That section requires a passenger to provide his or her full name, date of birth, and gender when requesting to enter a sterile area. An individual may not enter a sterile area if the individual does not present a verifying identity document when requested by TSA.

A verifying identity document means one of the following documents:

1. An unexpired passport issued by a foreign government.
2. An unexpired document issued by a U.S. Federal, State, or tribal government that includes the following information for the individual:
   a. Full name.
   b. Date of birth.
   c. Photograph.
3. Such other documents that TSA may designate as valid verifying identity documents.

Source: 49 C.F.R. § 1540.107 [Submission to Screening and Inspection] (modified to reflect the Indictment); 49 C.F.R. § 1560.3 [Terms Used in this Part].

5

DISPUTED INSTRUCTION NO. 5

DEFENDANT'S PROPOSED INSTRUCTION

[Third Element -- Knowingly and Willfully -- Defined]

The third element which the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

An act is done willfully if the defendant committed it voluntarily, with knowledge that it was prohibited by law, and with the purpose of violating the law, and not by mistake, accident or good faith. A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

Source (Knowingly): Ninth Circuit Manual of Model Criminal Jury Instructions, No. 5.7 [Knowingly–Defined] (2010 ed. with Mar. 2018 Supp.). *See also United States v. Holtzhauer*, 2006 WL 1281880, *2, motion for reconsideration denied, 2006 WL 1582444 (S.D. Ohio 2006) (concluding that "'knowingly and willfully' modifies the term 'enter' as well as the phrase 'in violation of security requirement.'").

Source (Willfully): *United States v. Anderson*, 741 F.3d 938, 948 n.8 (9th Cir. 2013) (defining "willfully" as "the act was committed by a defendant voluntarily, with knowledge that it was prohibited by law, and with the purpose of violating the law, and not by mistake, accident or in good faith") (endorsing this instruction for the heightened willfulness standard); Ninth Circuit Manual Model of Criminal Jury Instructions, No. 9.42 [Willfully–Defined] (2010 ed. with Mar. 2018 Supp.) (last two sentences).

DISPUTED INSTRUCTION NO. 6

DEFENDANT'S PROPOSED INSTRUCTION

[Fourth Element -- Intent to Evade Defined]

A defendant acts with intent to evade a particular security regulation if he knows about that specific regulation and purposefully violates it.

Source:  *New Oxford American Dictionary* at 598 (3d ed. 2010) ("evade" means to "defeat the intention of (a law or rule)[.]"); *Cheek v. United States*, 498 U.S. 192, 201 (1991); *Ratzlaf v. United States*, 510 U.S. 135, 138, 149 (1994)).

DISPUTED INSTRUCTION NO. 7

DEFENDANT'S PROPOSED INSTRUCTION

[Joint Union of Act and Intent]

For every crime, there must be a joint union of act and intent. Therefore, the government must prove beyond a reasonable doubt that the defendant acted knowingly, willfully, and with the intent to evade the particular security regulation at the moment he entered a sterile area of the Los Angeles International Airport.

Source: *Paritem Singh Poonian v. United States*, 294 F.2d 74, 76 (9th Cir. 1961) (it is "hornbook law that in every crime there must be a joint union of act and intent"); *Morissette v. United States*, 342 U.S. 246, 251 (1952) ("Crime, as a compound concept, generally constituted only from concurrence of an evil-meaning mind with an evil-doing hand."); *Gasho v. United States*, 39 F.3d 1420, 1429 (9th Cir. 1994) ("It is fundamental that a person is not criminally responsible unless criminal intent accompanies the wrongful act.").

8