NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
CHRISTINE M. RO (Cal. Bar No. 285401)
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorneys
General Crimes Section
    1100/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4496/3667
    Facsimile: (213) 894-0141
    E-mail:   Christine.Ro@usdoj.gov
             Ian.Yanniello@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>DANIEL FLINT,<br><br>      Defendant. | No. CR 17-697-SJO<br><br>JOINT PROPOSED JURY INSTRUCTIONS<br><br>Trial Date:  October 16, 2018<br>Trial Time:  9:00 a.m.<br>Location:   Courtroom of the<br>              Hon. S. James Otero |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Christine M. Ro and Ian V. Yanniello, and defendant DANIEL FLINT, by and through his counsel of record, Deputy Federal Public Defender Craig Harbaugh and Georgina Wakefield, hereby submit these Joint Proposed Jury Instructions. The parties respectfully request leave reserve the right to supplement these jury instructions as needed.

Unless otherwise noted, the parties have used the most recent version (as of September 2018) of the Jury Instructions found on the

Ninth Circuit's website at: http://www3.ce9.uscourts.gov/jury-instructions/model-criminal.

Dated: October 12, 2018          Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney

                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                      /s/
                                 CHRISTINE M. RO
                                 IAN V. YANNIELLO
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

Dated: October 12, 2018          Respectfully submitted,

                                  /s/ (by email authorization)
                                 CRAIG HARBAUGH
                                 GEORGINA WAKEFIELD
                                 Deputy Federal Public Defenders

                                 Attorneys for Defendant DANIEL FLINT

**INDEX OF GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

| No. | Title | Source(s) | Page |
|-----|-------|-----------|------|
| **PRELIMINARY INSTRUCTIONS** | | | |
| 1 | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 (2010 ed., 2018 Update) | 1 |
| 2 | The Charge -- Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 (2010 ed., 2018 Update) [The Charge – Presumption of Innocence (modified to reflect charge)]; 49 U.S.C. § 46314 | 2 |
| 3 | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2010 ed., 2018 Update) | 3 |
| 4 | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2010 ed., 2018 Update) | 4 |
| 5 | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2010 ed., 2018 Update) | 5 |
| 6 | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2010 ed., 2018 Update) | 6 |
| 7 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2010 ed., 2018 Update) | 7 |
| 8 | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2010 ed., 2018 Update) | 8-10 |
| 9 | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2010 ed., 2018 Update) | 11 |
| 10 | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2010 ed., 2018 Update) | 12 |
| 11 | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2010 ed., 2018 Update) | 13 |

| INSTRUCTIONS DURING THE COURSE OF TRIAL | | | |
|---|---|---|---|
| 12 | Cautionary Instruction – First Recess | Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2010 ed., 2018 Update) | 14 |
| 13 | Bench Conferences and Recesses | Ninth Circuit Model Criminal Jury Instructions, No. 2.2 (2010 ed., 2018 Update) | 15 |
| 14 | Stipulations of Fact | Ninth Circuit Model Criminal Jury Instructions, No. 2.4 (2010 ed., 2018 Update) | 16 |
| 15 | Transcript of Recording in English | Ninth Circuit Model Criminal Jury Instructions, No. 2.7 (2010 ed., 2018 Update) | 17 |
| 16 | Other Crimes, Wrongs or Acts of Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 2.11 (2010 ed., 2018 Update) | 18–19 |
| INSTRUCTIONS AT END OF CASE | | | |
| 17 | Duties of Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2010 ed., 2018 Update) | 20 |
| 18 | Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 3.2 (2010 ed., 2018 Update) | 21 |
| 19 | Defendant's Decision Not to Testify [if applicable] | Ninth Circuit Model Criminal Jury Instructions, No. 3.3 (2010 ed., 2018 Update) | 23 |
| 20 | Defendant's Decision to Testify [if applicable] | Ninth Circuit Model Criminal Jury Instructions, No. 3.4 (2010 ed., 2018 Update) | 24 |
| 21 | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.6 (2010 ed., 2018 Update) | 25 |
| 22 | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.7 (2010 ed., 2018 Update) | 26 |

ii

| 23 | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2010 ed., 2018 Update) | 27–28 |
|----|----|----|----|
| 24 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 3.9 (2010 ed., 2018 Update) | 29 |
| 25 | On or about -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 3.20 (2010 ed., 2018 Update) | 30 |
| 26 | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2010 ed., 2018 Update) | 31 |
| 27 | Other Crimes, Wrongs or Acts of Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 4.3 (2010 ed., 2018 Update) | 32 |
| 28 | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 4.14 (2010 ed., 2018 Update) | 33–34 |
| 29 | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 7.1 (2010 ed., 2018 Update) | 35–36 |
| 30 | Consideration of Evidence – Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 7.2 (2010 ed., 2018 Update) | 37 |
| 31 | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 7.3 (2010 ed., 2018 Update) | 38 |
| 32 | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 7.4 (2010 ed., 2018 Update) | 39 |
| 33 | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 7.5 (2010 ed., 2018 Update) | 39 |
| 34 | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 7.6 (2010 ed., 2018 Update) | 40 |

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 1**

**DUTY OF JURY**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you. Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 1.1 [Duty of Jury].

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 2**

**THE CHARGE -- PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government.  The government charges the defendant with knowingly and willfully entering an airport area without submitting to the security screening requirements in place there with the intent to evade those requirements.  The indictment simply describes the charge the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves him guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 1.2 [The Charge -- Presumption of Innocence] (modified to reflect charge).

**COURT'S INSTRUCTION NO. ___**
**JOINT PROPOSED INSTRUCTION NO. 3**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 1.3 [What Is Evidence].

3

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 4**

**WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 1.4 [What Is Not Evidence].

4

COURT'S INSTRUCTION NO. ____

JOINT PROPOSED INSTRUCTION NO. 5

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 1.5 [Direct and Circumstantial Evidence; modified to include example from comments to instruction].

**COURT'S INSTRUCTION NO. \_\_\_\_**

**JOINT PROPOSED INSTRUCTION NO. 6**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 1.6 [Ruling on Objections].

6

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 7**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 1.7 [Credibility of Witnesses].

7

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 8**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you

8

must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court,

you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 1.8 [Conduct of the Jury].

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 9**

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 1.9 [No Transcript Available to Jury].

11

**COURT'S INSTRUCTION NO. ___**

**JOINT PROPOSED INSTRUCTION NO. 10**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 1.10 [Taking Notes].

**COURT'S INSTRUCTION NO. ___**

**JOINT PROPOSED INSTRUCTION NO. 11**

**OUTLINE OF TRIAL**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 1.11 [Outline of Trial].

13

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 12**

**CAUTIONARY INSTRUCTION -- FIRST RECESS**

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 2.1 [Cautionary Instruction -- First Recess].

14

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 13**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 2.2 [Bench Conferences and Recesses].

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 14**

**STIPULATIONS OF FACT**

**[IF APPLICABLE]**

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 2.4 [Stipulations of Fact].

16

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 15**

**TRANSCRIPT OF RECORDING IN ENGLISH**

You have heard a recording that has been received in evidence. Each of you was given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you heard something different from what appeared in the transcript, what you heard is controlling.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 2.7 [Transcript of Recording in English].

**COURT'S INSTRUCTION NO. ____**

**PROPOSED INSTRUCTION NO. 16**

**OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**

**[IF APPLICABLE]**

You have heard testimony and have seen evidence that the defendant committed other crimes, wrongs, or acts not charged here. This evidence of other acts was admitted only for limited purposes. You may consider this evidence only for the purpose of deciding whether the defendant: had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment; did not commit the acts for which the defendant is on trial by accident or mistake; or is the person who committed the crime charged in the indictment.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for the crimes charged in the indictment, not for these other acts. Do not

return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 2.11 [Other Crimes, Wrongs or Acts of Defendant].

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 17**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 3.1 [Duties of the Jury to Find Facts and Follow Law].

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 18**

**CHARGE AGAINST DEFENDANT NOT**

**EVIDENCE -- PRESUMPTION OF INNOCENCE  -- BURDEN OF PROOF**

The indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 3.2 [Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof].

**COURT'S INSTRUCTION NO. \_\_\_\_**

**JOINT PROPOSED INSTRUCTION NO. 19**

**DEFENDANT'S DECISION NOT TO TESTIFY**

**[IF APPLICABLE]**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 3.3 [Defendant's Decision Not to Testify].

**COURT'S INSTRUCTION NO. \_\_\_\_**

**JOINT PROPOSED INSTRUCTION NO. 20**

**DEFENDANT'S DECISION TO TESTIFY**

**[IF APPLICABLE]**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 3.4 [Defendant's Decision to Testify].

23

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 21**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 3.6 [What Is Evidence].

**COURT'S INSTRUCTION NO. ___**

**JOINT PROPOSED INSTRUCTION NO. 22**

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 3.7 [What Is Not Evidence].

**COURT'S INSTRUCTION NO. ___**

**JOINT PROPOSED INSTRUCTION NO. 23**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 3.8 [Direct and Circumstantial Evidence; modified to include example from comments to instruction].

**COURT'S INSTRUCTION NO. ___**

**JOINT PROPOSED INSTRUCTION NO. 24**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 3.9 [Credibility of Witnesses].

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 25**

**"ON OR ABOUT" -- EXPLAINED**

The indictment charges that the offense alleged was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 3.18 [On or About -- Defined; modified to reflect indictment].

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 26**

**STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 4.1 [Statements by Defendant].

**COURT'S INSTRUCTION NO. \_\_\_\_**

**JOINT PROPOSED INSTRUCTION NO. 27**

**OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**

**[IF APPLICABLE]**

You have heard evidence that the defendant committed other crimes, wrongs, or acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, knowledge, absence of mistake, or absence of accident and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 4.3 [Other Crimes, Wrongs or Acts of Defendant].

**COURT'S INSTRUCTION NO. ___**

**JOINT PROPOSED INSTRUCTION NO. 28**

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from Michael Duretto, the Assistant Federal Security Director for Screening at the Transportation Security Administration to opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 4.14 [Opinion Evidence, Expert Witness].

32

COURT'S INSTRUCTION NO. ____

JOINT PROPOSED INSTRUCTION NO. 29

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 7.1 [Duty to Deliberate].

**COURT'S INSTRUCTION NO. ___**

**JOINT PROPOSED INSTRUCTION NO. 30**

**CONSIDERATION OF EVIDENCE -- CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions

35

jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 7.2 [Consideration of Evidence -- Conduct of the Jury].

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 31**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 7.3 [Use of Notes].

37

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 32**

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 7.4 [Jury Consideration of Punishment].

38

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 33**

**VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Source:  Ninth Circuit Model Criminal Jury Instructions, No. 7.5 [Verdict Form].

1
2
3

**COURT'S INSTRUCTION NO. ____**

**JOINT PROPOSED INSTRUCTION NO. 34**

**COMMUNICATION WITH COURT**

4       If it becomes necessary during your deliberations to
5 communicate with me, you may send a note through the clerk, signed
6 by any one or more of you.  No member of the jury should ever
7 attempt to communicate with me except by a signed writing, and I
8 will respond to the jury concerning the case only in writing or
9 here in open court.  If you send out a question, I will consult
10 with the lawyers before answering it, which may take some time.
11 You may continue your deliberations while waiting for the answer to
12 any question.  Remember that you are not to tell anyone--including
13 me--how the jury stands, numerically or otherwise, on any question
14 submitted to you, including the question of the guilt of the
15 defendant, until after you have reached a unanimous verdict or have
16 been discharged.

27 Source:  Ninth Circuit Model Criminal Jury Instructions, No. 7.6
28 [Communication with Court].