UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 17-00697 SJO | Date | October 15, 2018 |
|---|---|---|---|

| Present: The Honorable | S. James Otero |
|---|---|
| Interpreter | Not Required |

| Victor Paul Cruz | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Daniel Flint | Not | | xx | Craig A. Harbaugh, DFPD | Not | | xx |

**PROCEEDINGS (in chambers): ORDER GRANTING THE GOVERNMENT'S MOTION TO ADMIT EVIDENCE OF DEFENDANT'S OTHER ACTS** [Docket No. 78]

This matter is before the Court on the Government's Motion in Limine ("Motion") filed on October 6, 2018 to Admit Evidence of Defendant's Other Acts. The Defendant opposed Defendant's Motion ("Opposition") on October 10, 2018. The Government filed a reply ("Reply") on October 11, 2018. The hearing on this Motion and trial are set for October 16, 2018. For the following reasons, the Court **GRANTS** the Government's Motion.

I.  FACTUAL BACKGROUND

On October 13, 2017, the Government obtained a complaint ("Complaint") charging Defendant with entering an airport security area in violation of security requirements, in violation of 49 U.S.C. §§ 46314(a) and (b)(2). (Compl., ECF No. 1.) On November 7, 2017, Defendant was charged in a one-count indictment for entering an airport area in violation of security requirements. (Indictment, ECF No. 15.) Specifically, Defendant was charged with violations of 49 U.S.C. sections 46314(a) and 46314(b)(2). (*See* Indictment.) Defendant's trial is set for October 16, 2018. (Order Continuing Trial, ECF No. 71.)

On July 25, 2017, Defendant Daniel Flint ("Defendant") boarded a flight from Chicago Midway International Airport ("Midway") and entered a secure area of the Los Angeles International Airport ("LAX") with an unscreened item--a purported diplomatic pouch containing $148, 145 in U.S. currency. (Mot. 1, ECF No. 78.) Defendant made a false claim of diplomatic status in order to evade a full screening by the Transportation Security Administration ("TSA") at Midway. (Joint Statement of the Case 3, ECF No. 81.) Specifically, the Government notes that Defendant presented TSA officers at Midway with documents including a laminated identification card which designated him as "Legal Counsel & Diplomatic Courier" for the International Human Rights Commission ("IHRC"), and a purported diplomatic courier letter on IHRC letterhead. (Mot. 1.) Defendant also supported his claim by identifying himself as both a diplomat and an attorney when he first made contact with TSA officers at Midway. (*Id.*)

The primarily disputed issues in the case are (1) whether Defendant acted with the intent to evade security screening

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

procedures and (2) whether he knew his conduct was unlawful. (*Id.*) Defendant has pleaded not-guilty to the charges. (*Id.*)

In the instant Motion, the Government moves to admit evidence that Defendant previously claimed he had diplomatic immunity from arrest and prosecution during a traffic stop in Ogemaw, Michigan on September 10, 2016 (the "Traffic Stop"). (Mot. 2.) The Government argues that because Defendant pled guilty to a misdemeanor as a result of the Traffic Stop and withdrew his immunity assertion, Defendant **knew he did not have diplomatic immunity** when he traveled through Midway on July 25, 2017. (*Id.*) The Government claims that this evidence is admissible at trial under Federal Rule of Evidence 404(b) ("Rule 404(b)") to prove Defendant's knowledge, motive, intent, absence of mistake, and plan. (*Id.*)

II.     DISCUSSION

   A.     Legal Standard

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003). Some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial. *Jonasson*, 115 F.3d at 440; *See Luce*, 469 U.S. at 41-42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). "The Supreme Court has recognized that a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce*, 469 U.S. at 41-42).

   B.     Analysis

      1.     Evidence of Defendant's Actions at ORD and MID on July 20, 2017 Is Admissible Under Rule 404(b)

Rule 404(b) prohibits the use of evidence of a crime, wrong or other act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The Ninth Circuit's has held that evidence of prior conduct may be admissible if: (1) the evidence tends to prove a material pont; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) the act is similar to the offense charged. *United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1013 (9th Cir. 1995). The threshold inquiry a court must make before admitting similar

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

acts is whether that evidence is probative of a material issue other than character. *Huddleston v. United States*, 485 U.S. 681, 686 (1988). The Court analyzes each prong listed above and finds that Defendant's conduct at the Traffic Stop on September 10, 2016 satisfies Rule 404(b).

        a.    The Prior Act Evidence Tends to Prove a Material Point, That Defendant Had Knowledge of his Unlawful Act

Defendant primarily argues that (1) invocation of diplomatic immunity during a traffic stop has nothing to do with whether Defendant intentionally or knowingly evaded TSA screening procedures and (2) that the proposed evidence lacks logical reasoning that is "propensity-free." (Opp'n. 1, ECF No. 79 (quoting *United States v. Rodriguez*, 880 F.3d 1151, 1168 (9th Cir. 2018) (internal citation omitted)). Defendant emphasizes that a choice to withdraw a previous assertion of diplomatic immunity and accept a misdemeanor conviction does not mean that the Defendant's initial invocation of immunity was false, or that Defendant lacks diplomatic immunity "at any time, for any purpose." (Opp'n. 3.)

The admissibility of the Traffic Stop and subsequent plea hinges on whether the prior act has a valid non-propensity purpose. The Court finds that it does. In *United States v. Lew*, the Ninth Circuit held that a defendant's prior false statements to Immigration and Naturalization Services were admissible to prove knowledge of their falsity, even though he was charged with making false statements as related to the Department of Labor. 875 F.2d 219, 222 (9th Cir. 1989.) The Ninth Circuit also noted that the evidence was not unduly prejudicial. *Id.* Moreover, in *United States v. Arambula-Ruiz*, the Ninth Circuit held that a prior conviction for possession of heroin with intent to distribute made it more probable that **defendant had knowledge** of the current heroin sale at issue, even though he claimed to be an innocent bystander. 987 F.2d 599, 603 (9th Cir. 1993) (internal citation omitted). The Ninth Circuit noted that for purposes of proving knowledge under Rule 404(b), "similarity is not always a prerequisite to admissibility []...the degree of similarity required ... will depend on the evidential hypothesis which is being employed. Thus...when offered to prove knowledge, [] the prior act need not be similar to the charged act **as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence.**" *Id.* (internal citations omitted).

Defendant argues that the Traffic Stop does not show that Flint knew he was entering a secure area in violation of security requirements or that he knew his conduct was unlawful. (Opp'n. 5.) The Court disagrees. Defendant's prior invocation of diplomatic immunity and subsequent plea and withdrawl of his immunity assertion make it "more probable than it would be without the evidence" that he had knowledge of his lack of diplomatic immunity when he bypassed TSA at Midway. *Arambula-Ruiz*, 987 F.2d at 603. As a result, the evidence also makes it more probable that he knew he was violating security requirements by presenting fake documentation, and he knew his conduct was unlawful. In sum, although the Traffic Stop and Defendant's recent travel through Midway differ factually, there is enough here to find the act admissible to prove knowledge under Rule 404(b).
///

Thus, the Government's proposed evidence tends to prove a material point, Defendant's knowledge of his lack of diplomatic immunity, and satisfies the knowledge prong of 404(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

      b.      The Prior Act is Not Too Remote in Time

The Traffic Stop and subsequent plea occurred ten months before the charged offense. (Mot. 9.) Because the offense occurred less than one year before the currently charged offense, the Court finds that the prior act is not too remote in time.

      c.      The Evidence of the Prior Act is Sufficient

The Government intends to call as a witness the deputy who conducted the Traffic Stop. (Opp'n. 10.) The Government also finds that the evidence is corroborated by the police report and the certified conviction record showing that Defendant pled guilty to one of the charges. (*Id.*)

The Court finds that testimony and corroborating evidence make the evidence of the prior act sufficient.

      d.      Defendant's Prior Act is Similar to the Offense Charged

Defendant previously claimed diplomatic immunity at a traffic stop. (Mot. 4.) In the instant case, Defendant is charged with identifying himself as a diplomat and a lawyer and presenting a diplomatic pouch that he claimed was exempt from screening, a purported diplomatic courier letter, and one or both of his attorney bar cards. (Mot. 2.) As established, although the officer interactions and items presented to those officers differ, the assertion is the same–Defendant claimed diplomatic immunity when in fact, he did not have it. Further, although the offense to which Defendant pled differs from the current charge, the conduct of misrepresentation remains the same.

Thus, the Court finds that Defendant's prior act is similar to the offense charged.

In sum, Defendant's actions at the Traffic Stop and subsequent plea satisfy the Ninth Circuit's four-prong test for the admissibility of prior bad acts.

      3.      The Probative Value of Defendant's Conduct at the Traffic Stop is Not Substantially Outweighed by Undue Prejudice

Even where relevancy is satisfied, Rule 403 requires that evidence be excluded where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403."Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *Hankey*, 203 F.3d at 1172 (citation omitted). Rule 403's "major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Defendant argues that even if the Court deems his September 10, 2016 actions admissible under Rule 404(b), they are nevertheless inadmissible under Federal Rule of Evidence 403 ("Rule 403"). (Opp'n. 8.) Defendant argues that by admitting other acts, the Government will confuse the jury, hamper the defense's ability to investigate and contest the allegations because the instant Motion was filed so late, and waste significant time and resources resulting in a "mini-trial on largely irrelevant evidence." (*Id.* at 8-10.) The Court disagrees.

Unfair prejudice "does not simply mean damage to the opponent's cause. If it did, most relevant evidence would be deemed [unfairly] prejudicial." *United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009). Defendant's previous Traffic Stop and subsequent plea are highly probative of Defendant's knowledge of unlawfulness. The Court finds that the probative value is not outweighed by unfair prejudice, because "the evidence [of Defendant's previous attempts to evade airport security screening] did not involve conduct more inflammatory than the charged crime." *United States v. Livoti*, 196 F.3d 322, 326 (2d Cir. 1999). Moreover, even if there is a slight risk of jury confusion or unfair prejudice, it does not substantially outweigh the prior act's probative value and can be cured with a limiting instruction.

Therefore, the Court holds that any potential prejudice caused by admitting the proposed evidence would not warrant exclusion under Rule 403.

III.     RULING

For the foregoing reasons, the Court **GRANTS** the Government's Motion.[1]

IT IS SO ORDERED.

---

[1] Defendant argues that because his 2016 conviction for unlawful use of a license plate does not involve an act of dishonesty or a false statement, it may not be used to impeach under Federal Rule of Evidence 609(a)(2). (Opp'n. 10.) The Court agrees and admits the conviction for the limited purpose detailed above.