UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 17-00697 SJO | Date | October 15, 2018 |
|---|---|---|---|

| Present: The Honorable | S. James Otero |
|---|---|
| Interpreter | Not Required |

| Victor Paul Cruz | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Daniel Flint | | Not | xx | Craig A. Harbaugh, DFPD | | Not | xx |

**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION TO ADMIT CLIPS OF DEFENDANT'S RECORDED AUDIO INTERVIEW AND TO EXCLUDE HEARSAY** [Docket No. 83]

This matter is before the Court on the Government's Motion in Limine ("Motion") filed on October 10, 2018 to Admit Clips of Defendant's Audio-Recorded Interview and to Exclude Hearsay. The Defendant opposed Defendant's Motion ("Opposition") on October 11, 2018. The Government filed a reply ("Reply") on October 12, 2018. The hearing on this matter and trial are set for October 16, 2018. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Government's Motion.

I.      FACTUAL BACKGROUND

On October 13, 2017, the Government obtained a complaint ("Complaint") charging Defendant with entering an airport security area in violation of security requirements, in violation of 49 U.S.C. §§ 46314(a) and (b)(2). (Compl., ECF No. 1.) On November 7, 2017, Defendant was charged in a one-count indictment for entering an airport area in violation of security requirements. (Indictment, ECF No. 15.) Specifically, Defendant was charged with violation of 49 U.S.C. sections 46314(a) and 46314(b)(2). (*See* Indictment.) Defendant's trial is set for October 16, 2018. (Order Continuing Trial, ECF No. 71.)

On July 25, 2017, Defendant Daniel Flint ("Defendant") boarded a flight from Chicago Midway International Airport ("Midway") and entered a secure area of the Los Angeles International Airport ("LAX") with an unscreened item--a purported diplomatic pouch containing $148, 145 in U.S. currency. (Mot. 1, ECF No. 78.) Defendant made a false claim of diplomatic status in order to evade a full screening by the Transportation Security Administration ("TSA") at Midway. (Joint Statement of the Case 3, ECF No. 81.) Specifically, the Government notes that Defendant presented TSA officers at Midway with documents including a laminated identification card which designated him as "Legal Counsel & Diplomatic Courier" for the International Human Rights Commission ("IHRC"), and a purported diplomatic courier letter on IHRC letterhead. (Mot. 1.) Defendant also supported his claim by identifying himself as both a diplomat and an attorney when he first made contact with TSA officers at Midway. (*Id.*)

The primarily disputed issues in the case are (1) whether Defendant acted with the intent to evade security screening

procedures and (2) whether he knew his conduct was unlawful.  (*Id.*)

In the instant Motion, the Government moves to admit 12 clips from Defendant's audio-recorded interview after he was given *Miranda* warnings, and to exclude hearsay statements.  (*See* Mot., ECF No. 83.)

II.    DISCUSSION

     A.    Legal Standard

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).  A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997).  A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence.  *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).  Some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial.  *Jonasson*, 115 F.3d at 440; *See Luce*, 469 U.S. at 41-42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").  "The Supreme Court has recognized that a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce*, 469 U.S. at 41-42).

Federal Rule of Evidence 106 ("Rule 106") provides: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other party or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106.  "[Rule 106] is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial. * * * For practical reasons, the rule is limited to writings and recorded statements and does not apply to conversations." *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996), as amended (Oct. 21, 1996) (citing Rule 106, Advisory Committee Notes.)  A full [recording] should be introduced: "[W]hen one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible." *Id.* (quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988).

However, it is important to note that even when Rule 106 applies, statements that constitute inadmissible hearsay or otherwise violate the Federal Rules of Evidence are inadmissible.  *See United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000).  Rule 106 "does not compel admission of otherwise inadmissible [] evidence." *Collicott*, 92 F.3d at 983.

     B.    Analysis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

    1.    <u>The Court Addresses Each Clip Individually Below</u>

As established, Rule 106 applies when "misunderstanding or distortion can be averted only through presentation of another portion [of a recorded statement]." *Rainey*, 488 U.S. at 172. "A district court abuses its discretion under Rule 106 when it excludes part of a statement if the edited version ... distorts the meaning of the statement or excludes information substantially exculpatory of the declarant." *United States v. Quinones-Chavez*, 641 F. App'x 722, 729 (9th Cir.), cert. denied, 137 S. Ct. 94, 196 L. Ed. 2d 80 (2016) (internal quotations and citations omitted).

The Government proposes 12 clips from Defendant's interrogation to be admitted into evidence. (Mot. 5-6.) The Government argues that any other portions of the clips are inadmissible hearsay and should be precluded. (Mot. 3.) The Government emphasizes that "even if [Rule 106] applies, exclusion of the [defendant's] exculpatory statements [is] proper because they are inadmissible hearsay." (Mot. 3 (quoting *United States V. Ortega* and 203 F.3d 675, 682 (9th Cir. 2000); citing *United States v. Lopez-Figueroa*, 316 F.App'x 548, 549-50 (9th Cir. 2008).) In response, the Defendant contends that the Common Law Rule of Completeness makes otherwise inadmissible evidence admissible. (Opp'n. 3, ECF No. 91.) Defendant also argues that all clips except for Clip 7 create a danger of distortion that must be remedied by the Court. (Opp'n. 4.)

The Court analyzes the admissibility of each proposed clip and proposed addition in turn.

    a.    <u>Clip 1: Defendant Claims He is a Diplomat and Claims to Have a Diplomatic Passport</u>

Defendant argues that Flint's status as a lawyer is irrelevant but that, that to the extent it is relevant, the Government should also include Defendant's statements discussing where he went to law school and how long he has been a lawyer. (Opp'n. 4-5.)

The Court finds that Clip 1, which includes Defendant discussing his work and common procedures as a diplomat, is relevant because it speaks to whether Defendant falsely claimed that he was a diplomat and a lawyer to the TSA agents at Midway. These statements, standing alone, are not distorted, nor deceiving. *Rainey*, 488 U.S. at 172. Moreover, information on where Defendant went to law school and how long he has been an attorney are irrelevant and cumulative.

Clip 1 is admitted without any of the Defendant's additions. Specifically, the Court admits Verbatim Transcript page 5, lines 22-41, and Verbatim Transcript page 6 lines 1-30. (*See* Opp'n. Ex. A, ECF No. 91-1.)

    b.    <u>Clip 2: Defendant Claims Robert Shumake is a U.S. Diplomat and a Diplomat and Ambassador for the IHRC</u>

Defendant seeks to exclude the portion of Clip 2 whereby Defendant invokes his attorney-client privilege, and to include one sentence preceding an already included line about Defendant's work as an official representative to the ambassador. (Opp'n. 4.) The Government argues that Defendant was not invoking his own attorney-client privilege, but rather, the privilege he owes to Robert Shumake as his attorney. (Reply 2-3, ECF No. 92.) The Government does not oppose including the sentence preceding the already included line. (*Id.* at 2.)

When Defendant designates which lawyer he refers to, the clarifying term or designation is unintelligible. Thus,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

the Court is unable to determine which attorney-client relationship Defendant referred to. As such, because Defendant invoked attorney-client privilege that is unintelligible, the Court acts cautiously to protect the Defendant's rights.

Clip 2 is admitted but any discussion of attorney-client privilege is excluded. Specifically, the Court includes Verbatim Transcript page 8, lines 2-30 and Verbatim Transcript Page 8, lines 35-43. (Opp'n. Ex. A.) The Court excludes Verbatim Transcript page 7, lines 31-44, and Verbatim Transcript page 8, lines 31-44. (*Id.*)

    c. <u>Clip 3: Defendant Discusses That he Does Not Know Who Appointed Robert Shumake As Ambassador For The United States</u>

The Court admits portions of Clip 3 as detailed in the Clip 2 analysis above.

    d. <u>Clip 4: Defendant Admits That He Does Not Have Diplomatic Immunity and Discusses His Understanding of Diplomatic Pouches</u>

Defendant argues that the Court should admit the beginning of this inquiry to avoid a distorted reading of Defendant's answer. (Opp'n. 4.) The Government contends that this inclusion is an improper attempt to humanize the defendant which violates *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014). (Reply 2-3.)

The Court agrees with Defendant, that to omit the beginning of the inquiry would distort Defendant's answer. The Government omits that Defendant claims he took a diplomatic oath, and was sworn in by Robert Shumake. This statement is relevant and related to Clip 4 because it speaks to Defendant's criminal intent and credibility. However, the Court does not find it necessary to include that Robert Shumake puts wells in Africa where communities need water. This information is irrelevant and an improper attempt to "humanize the Defendant." *Vallejos*, 742 F.3d at 905. Moreover, this supplemental information about Robert Shumake is irrelevant.

The Court admits Verbatim Transcript page 12, lines 30-41 and Verbatim Transcript page 13, line 3. (Opp'n. Ex. A.) The Court excludes Verbatim Transcript page 12, line 43, and Verbatim Transcript page 13, lines 1-2. (*Id.*)

    e. <u>Clip 5: Defendant Admits That Diplomats with the IHRC Are Separate From the United States Government</u>

Defendant seeks to include Defendant's phone call between Clips 5 and 6 to give clarity as to what is going on during the interrogation and avoid jury confusion. (Opp'n. 4-5.) The phone call was made to Douglas Hampton, the person who advised Flint of the validity of the IHRC. (*Id.*) Defendant argues that the call is being offered to show it occurred, not for the truth of the matter asserted and thus it is not hearsay. (*Id.*) The Government argues that Defendant wants to provide the evidence to show that he responded that "he had no knowledge he had a diplomatic passport," which is inadmissible self-serving hearsay (Reply 3-4.)

The Court agrees with the Government. If Defendant wishes to speak of his phone call with Douglas Hampton or his comments made during the phone call, he may testify. Moreover, any clarification about Defendant's understanding as to his diplomatic status can also be presented through Defendant's testimony.

The Court admits Clips 5 and 6 and excludes any phone call between Defendant and Douglas Hampton because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

it is self-serving hearsay. Specifically, the Court admits Verbatim Transcript page 16 lines 29-44 and Verbatim Transcript page 17 lines 1-37. The Court excludes Verbatim Transcript page 14 lines 15-44 and Verbatim Transcript page 15 lines 2-44, and Verbatim Transcript page 16 lines 2-18. (Opp'n. Ex. A.)

   f. <u>Clip 6: Defendant Admits That He Is Not An American Diplomat</u>

Defendant objects to Clips 5 and 6 together. As such, the Court admits the portions of the disputed clips as described above.

   g. <u>Clip 8: Defendant Claims That If He Had Been Stopped By TSA Before, He Would Have Known That There is an Issue With The U.S. Department of State</u>

Defendant argues that Clip 8 lacks context and seeks inclusion of a background discussion to avoid jury confusion. (Opp'n. 5.) The Government argues that the proposed additions are inadmissible hearsay and can be explained through testimony. (Reply 4.)

The Court finds that Defendant's proposed additions are not necessary to avoid jury confusion because Defendant may testify to serve the same purpose. The statements meet an exception to the hearsay rule because the statements are circumstantial evidence of state of mind—i.e. that Defendant's impression that when he traveled through Midway his conduct was lawful because TSA did not stop him. However, the statements are "still [] self-serving, and duplicative of the [D]efendants' own testimony about [his] state of mind, if [he chooses] to testify. *United States v. Bishop*, 291 F.3d 1100, 1110 (9th Cir. 2002).

The Court admits Clip 8 as the Government proposes and denies any additions by Defendant. Specifically, the Government admits Verbatim Transcript page 36, lines 25-33. (Opp'n. Ex. A.)

   h. <u>Clip 9: Defendant Claims to Be a Diplomat Since Approximately December 17, 2016</u>

Defendant argues that Clips 9-11 should include the couple of lines between each clip. (Opp'n. 5.) The Defendant also seeks to include Defendant's discussion of his understanding of why the organization he works for is located in Pakistan to avoid distortion. *Id.* The Government argues that the clips are not currently distorted and any additions would unjustly humanize the defendant in violation of Ninth Circuit precedent. (Reply 4. (citing *Vallejos*, 742 F.3d at 905.))

The Court finds that the clips as proposed by the Government are slightly distorted. For purposes of complete clarity and to avoid jury confusion, the Court admits Clips 9-11 in their entirety and adds portions of the Defendant's proposed additions. Specifically, The Court admits Verbatim Transcript page 47, lines 17-44 and Verbatim Transcript page 48, lines 3-8. (Opp'n. Ex. A.) The Court excludes any other proposed additions because all other recorded statements can be addressed through Defendant's testimony.
///

   i. <u>Clip 10: Defendant States He Laminated the IHRC Identification Card Himself</u>

The Court addresses Clip 10 in the analysis for Clip 9 above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

      j.      <u>Clip 11: Defendant Discusses That The IHRC Headquarters Is Located In Pakistan</u>

The Court addresses Clip 11 in the analysis for Clip 9 above.

      l.      <u>Clip 12: Defendant States That He Worked for Robert Shumake For the Past Seven Years</u>

Defendant argues that Clip 12 distorts how long and to what extent Robert Shumake was Defendant's client. (Opp'n. 6.)  The Government argues that Defendant's proposed additions are self-serving hearsay that must be excluded.  (Reply 5.)

If Defendant wishes to present information about his experience in legal representation, personal testimony is the best avenue.  However, factually, the two proposed clips directly conflict.  The Government's clip suggests that Defendant worked for Robert Shumake for seven years, while the Defendant's clip suggests he only worked for Robert Sumake for one year.  (*See* Opp'n. Ex. A at 50, lines 27-29;  *See Id.* at 67 lines 13-33.)  The Court admits Clip 12 including the additions by Defendant to avoid distortion.

Specifically, the Court admits Verbatim Transcript page 50, lines 27-29 and Verbatim Transcript page 67, lines 13-33.  (Opp'n. Ex. A.)

III.    <u>RULING</u>

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Government's Motion.


IT IS SO ORDERED.