HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
GEORGINA E. WAKEFIELD (Bar No. 282094)
(E-Mail: Georgina_Wakefield@fd.org)
CRAIG A. HARBAUGH (Bar No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
DANIEL FLINT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL FLINT,<br><br>Defendant. | Case No. CR 17-697-SJO<br><br>**MOTION FOR A JUDGMENT OF ACQUITTAL; WRITTEN SUMMARY OF LAW**<br><br>Trial Date: October 16, 2018<br><br>The Honorable S. James Otero |

Daniel Flint, through his counsel of record, Deputy Federal Public Defenders Georgina Wakefield and Craig Harbaugh hereby this Honorable Court for a motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure.

                        Respectfully submitted,

                        HILARY POTASHNER
                        Federal Public Defender

DATED: October 17, 2018      By _____
                        GEORGINA E. WAKEFIELD
                        CRAIG A. HARBAUGH
                        Deputy Federal Public Defender

# I. INTRODUCTION

Mr. Flint moves for a judgment of acquittal on all elements and bases, including venue. This motion provides legal background on some, but not all, of those bases. Because the facts will depend on testimony at trial after the motion is written, counsel will supplement this motion orally at the close of the government's case-in-chief.

# II. LEGAL BACKGROUND SUPPORTING THE MOTION

## A. The Anticipated Evidence Will Be Insufficient to Sustain a Conviction Because It Will Show No Violation of LAX's Security Procedures

Under the statute, and as charged in the indictment, the government must prove four elements: (1) Mr. Flint entered an airport area that serves an air carrier;[1] (2) he made that entry in violation of security requirements prescribed under 49 U.S.C. §§ 44901 and 44903(c); (3) he acted knowingly and willfully; and (4) he had the intent to evade security procedures or restrictions.

The second element cross-references the security requirements prescribed under 49 U.S.C. §§ 44901 and 44903(c). In other words, the government must prove that Mr. Flint's entry actually violated a security requirement prescribed in those statutes.

The operative regulation requires passengers to submit their persons and property to screening by TSA in accordance with the procedures being applied to control access to the sterile area. *See* 49 C.F.R. § 1540.107(a).[2]

By law, each airport must generate an airport security program containing the procedures applied to control access at the airport. *See* 49 U.S.C. § 44903; 49 C.F.R. §

---

[1] The terms "an aircraft" and "foreign air carrier" contained in the statute are irrelevant here because the indictment alleges only that Mr. Flint "entered an airport area that serves an air carrier." The specific area charged in the indictment is Terminal 3 at LAX.

[2] To the extent the government's theory is that the jury can convict Mr. Flint based on his failure to submit his pouch for screening at MDW, that would be an incorrect statement of the law and Mr. Flint would further argue that venue is improper in the Central District of California.

1

1542.101. Each airport is required to have its own airport security program. *Id.* In other words, LAX's security program is different from MDW's security program.

The security program must: (1) provide for the safety and security of persons against introduction of prohibited items onto an aircraft; (2) be in writing and signed by the airport operator; (3) include an index and description of secured areas, boundaries, procedures to control movement, signs required by law, etc.; and (4) be approved by TSA. 49 C.F.R. §§ 1542.101(a), 1542.103. Each airport security program is considered sensitive security information and is prohibited from being disclosed to the public. 49 C.F.R. § 1542.101(c).

                                                  Respectfully submitted,

                                                  HILARY POTASHNER
                                                  Federal Public Defender

DATED: October 17, 2018         By  _____
                                                  GEORGINA E. WAKEFIELD
                                                  CRAIG A. HARBAUGH
                                                  Deputy Federal Public Defender