NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
CHRISTINE M. RO (Cal. Bar No. 285401)
Assistant United States Attorneys
General Crimes Section
        1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-3667 / 4496
        Facsimile: (213) 894-0141
        E-mail:    Ian.Yanniello@usdoj.gov
                   Christine.Ro@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>               v.<br><br>DANIEL FLINT,<br><br>        Defendant. | No. CR 17-697-SJO<br><br>OPPOSITION TO DEFENDANT DANIEL FLINT'S PETITION FOR WRIT OF ERROR CORAM NOBIS OR, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL<br><br>Hearing Date: September 16, 2019<br>Time:          10:00 a.m.<br>Location:      Courtroom of the<br>               Hon. S. James Otero |

        Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Ian V. Yanniello and

Christine M. Ro, hereby files its Opposition to defendant Daniel

Flint's Petition for Writ of Error Coram Nobis.

//

This Opposition is based upon the attached memorandum of points and authorities, the declaration of Wesley Williams, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 3, 2019          Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney

                                 BRANDON D. FOX
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 _____/s/_____
                                 IAN V. YANNIELLO
                                 CHRISTINE M. RO
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3        Defendant Daniel Flint's ("defendant") sentencing hearing is set

4 for September 16, 2019.  Because of the aggravating circumstances in

5 this case -- defendant's use and abuse of his status as an attorney

6 to execute the fraud, his use of manufactured and phony diplomatic

7 documents, and the national security concerns raised by defendant's

8 purposeful evasion of airport security -- the government has

9 requested an upward variance and a custodial sentence of 14 months'

10 incarceration.

11        On August 23, 2019, defendant filed an untimely and procedurally

12 barred "pro se Petition for Writ of Error Coram Nobis or New Trial."

13 (Dkt. 138 at 2.)  According to defendant, "the government deleted

14 relevant portions of [defendant]'s FBI interview to make it appear as

15 though he was intentionally attempting to evade TSA security

16 requirements."  (Id. at 9.)  Defendant argues that he raised this

17 issue with prior counsel, the Federal Public Defender's Office

18 ("FPD"), "and the FPD did nothing."  (Id. at 24.)  As a result,

19 defendant raises an ineffective assistance of counsel claim and seeks

20 coram nobis relief or a new trial.

21        As discussed below, the allegations in defendant's motion are

22 meritless.  Neither the FBI nor the United States Attorney's Office

23 manipulated or altered the recording of defendant's FBI interview.

24 See Declaration of Wesley Williams ("Williams Decl."), ¶ 4 ("The

25 recordings of defendant's interview were not altered or manipulated

26 in any way").  Thus, the FPD's office did not provide ineffective

27 representation by refusing to file a frivolous claim.  Shah v. United

28 States, 878 F. 2d 1156, 1162 (9th Cir. 1989) (failure to raise a

1  meritless legal argument does not constitute ineffective assistance

2  of counsel).

3      Defendant's petition is also procedurally improper.  Under

4  clearly establish law, a writ of coram nobis is a "highly unusual

5  remedy" that is available only to "attack an unconstitutional or

6  unlawful conviction in cases when the petitioner already has fully

7  served a sentence."  Telink, Inc. v. United States, 24 F.3d 42, 45

8  (9th Cir. 1994) (emphasis added).  The remedy is not available,

9  where, as here, the Court has not even sentenced the defendant or

10 entered a final judgment of conviction.

11     Defendant's claim for a new trial similarly fails.  Defendant's

12 motion for new trial is untimely as it is based on ineffective

13 assistance of counsel and not newly-discovered evidence.  And even if

14 the motion was timely, defendant's motion also fails on the merits

15 for numerous reasons.  First, defendant could have raised the issue

16 before trial or in his initial motion for acquittal filed in March

17 2019, and thus he cannot establish he is entitled to a new trial.

18 Second, only evidence cited in defendant's motion is a two-page

19 "expert" report that does not raise any issues that are relevant,

20 much less material to issues at trial.  The report identifies a nine-

21 millisecond change in frequency in a portion of defendant's recorded

22 interview and opines the frequency change could be purposeful editing

23 or it could be an equipment malfunction.  Notably, the portion of the

24 audio identified in the report was not used at trial, and defendant

25 does not challenge the accuracy or authenticity of any evidence that

26 was introduced, including evidence about the numerous lies defendant

27 told the FBI.  Defendant's motion should be denied without an

28 evidentiary hearing.  See e.g., United States v. Jackson, 209 F.3d

1    1103, 1106-07 (9th Cir. 2000) (affirming denial of motion for new

2    trial where new evidence would not have created a reasonable doubt).

3    **II.   DEFENDANT'S PETITION FOR CORAM NOBIS IS PROCEDURALLY BARRED**

4          Defendant is not entitled to coram nobis relief.  Defendant has

5    not been sentenced, much less "fully served" his sentence, and thus

6    he is not entitled to coram nobis relief.  Chaidez v. United States,

7    568 U.S. 342, 345 n.1 (2013) (Petition for writ of coram nobis

8    provides a way to collaterally attack a criminal conviction for a

9    person who is no longer in custody and therefore cannot seek habeas

10   relief.); see also, United States v. Nosal, 743 F. App'x 816, 817

11   (9th Cir. 2018) ("The district court properly denied Nosal's petition

12   because the rare writ of coram nobis is not available until a

13   petitioner already has fully served [his] sentence." (citation

14   omitted)); Estate of McKinney By & Through McKinney v. U .S., 71 F.3d

15   779, 781 (9th Cir. 1995) (The writ of error coram nobis provides "a

16   remedy to attack a conviction when the petitioner has served his

17   sentence and is no longer in custody."); Telink, Inc., 24 F.3d at 45

18   ("The writ of error coram nobis affords a remedy to attack an

19   unconstitutional or unlawful conviction in cases when the petitioner

20   already has fully served a sentence.").[1]  Therefore, defendant's

21   petition is procedurally barred and should be denied.

22   **III. THE GOVERNMENT DID NOT MANIPULATE OR ALTER DEFENDANT'S INTERVIEW**

23         This case proceeded to jury trial in October 2018.  During the

24   trial, the jury heard overwhelming evidence that defendant abused his

25   status as an attorney and impersonated a diplomat to purposefully

26   evade airport security, in violation of 49 U.S.C. §§ 46314(a),

27

28         [1] Defendant cites various out-of-circuit decisions that have no
     bearing on the issue before the Court.

                                        3

1   (b)(2).  Because the government detailed the evidence in its

2   opposition to defendant's post-trial motion for acquittal -- which

3   this Court denied without a hearing -- it will not restate the facts

4   here.  (See Dkt. 147 at 2-13.)  However, the evidence showed that

5   defendant used a manufactured "diplomatic identity card" and other

6   phony documents to smuggle hundreds of thousands of dollars in cash

7   through TSA screening.  Defendant admitted that he laminated the fake

8   diplomat card before attempting to use it to defraud the TSA.  To

9   perpetrate the fraud and avoid detection, defendant abused his status

10  as an officer of the court by identifying himself as an attorney and

11  presenting his attorney bar card to TSA officers.

12       Defendant's elaborate ruse unraveled once he was identified,

13  stopped, and interviewed by the FBI at the Los Angeles International

14  Airport ("LAX") on July 25, 2017.  Throughout the interview,

15  defendant made implausible and provably false statements to the FBI.

16  Federal Air Marshal Wesley Williams recorded the interview using his

17  government-issued cell phone.  (Williams Decl., ¶ 3.)  The phone

18  application Air Marshal Williams used saved the interview as three

19  separate audio files.  (Id.)  Those audio files were then uploaded to

20  the FBI's computer system, copied, and sent to the United States

21  Attorney's Office in connection with this case.  (Id., ¶ 4.)  To be

22  clear, the recordings of defendant's interview -- which were produced

23  to defendant in December 2017 -- were not altered or manipulated in

24  any way.  (Id.)

25  **IV.  DEFENDANT'S REQUEST FOR A NEW TRIAL SHOULD BE DENIED**

26       First, defendant's motion for new trial should be denied because

27  it is untimely.  Motions based upon new evidence "must be filed

28  within three years after the verdict or finding of guilty" and "all

                                    4

other motions" deadline to file is 14 days after the verdict.  Fed. R. Crim. P. 33.  Here, defendant claims that the alleged "one amplitude-frequency inconsistency" is newly-discovered evidence -- it is not.  Defendant knew, before trial, that defendant wanted to attack the authenticity of portions of the audio-recorded interview. The government produced to counsel for defendant the audio-recordings on December 8, 2017 and proposed audio clips for trial on October 10, 2018.  (Dkt. No. 83-1.)  Defendant informed his trial counsel before trial that he wanted to challenge the audio-recording and trial counsel strategically decided not to investigate or pursue a motion to suppress.  Therefore, defendant's motion for new trial is based upon an ineffective assistance of counsel claim and is time-barred. See Baumann v. United States, 692 F.2d 565, 580 (9th Cir. 1982) ("Because all of the underlying facts relevant to his present allegations of newly discovered evidence were within his knowledge at the time of trial and could have been substantiated with the exercise of reasonable diligence, the evidence is not newly discovered.") (cleaned up); see also United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997)("We have rejected the use of a Rule 33 motion for new trial based on 'newly discovered evidence' involving the ineffective assistance of counsel."); see also United States v. Garcia, 1126 (6th Cir. 1994) (Evidence of ineffective assistance of counsel "is not newly discovered evidence for purposes of a motion for new trial where the facts supporting the claim were within the defendant's knowledge at the time of the trial.").  Defendant disguises his motion for new trial based on newly-discovered evidence, but his motion is based on facts known to defendant before trial.

Defendant's "newly-discovered evidence" is a claim of ineffective assistance of counsel and his motion is untimely.

Second, defendant's motion for new trial also fails on the merits. A criminal defendant must satisfy a five-part test in order to prevail on a motion for a new trial: "(1) [T]he evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal." United States v. Harrington, 410 F.3d 598 (9th Cir. 2005); see United States v. Hinkson, 585 F.3d 1247, 1283-84 (9th Cir. 2009) (same).

Defendant's motion fails for several independent reasons. First, the purported "new evidence" is not material to the issues at trial. That a portion of defendant's recorded interview contains an alleged nine millisecond change in frequency does not alter the evidence presented at trial in any way. The identified portion of the record was not admitted at trial, and defendant's motion does not challenge the accuracy of the ten audio exhibits the government did, in fact, introduce as evidence. Nor does defendant challenge the other evidence submitted to the jury, including evidence and testimony about defendant's manufactured diplomat card and other fake diplomatic documents, and about defendant's knowledge that he did not have diplomatic immunity when he claimed to have diplomatic immunity to get out of a traffic stop in Ogemaw, Michigan.

Moreover, defendant's motion fails because he could have brought his claim much sooner. The audio files at issue was produced to

6

1  defendant in December 2017 and the government proposed clips were

2  produced to defendant a week before trial.  Defendant therefore could

3  have had the file analyzed by his "expert" in the ten months leading

4  up to trial.  Defendant could have also analyzed the audio file after

5  his conviction (October 2018) and before he filed his first motion

6  for judgment of acquittal in March 2019.  His failure to do so

7  provides an independent basis to deny the motion.

8       Lastly, defendant's motion falls far short of establishing that

9  "a new trial would probably result in acquittal."  As noted above,

10 defendant does not challenge the authenticity or accuracy of <u>any</u>

11 evidence presented at trial.  Defendant's proffered expert report

12 does not change the fact that defendant lied to TSA officials about

13 his diplomatic status to smuggle money onto airplanes; it does not

14 make the lies he told the FBI truthful; and it does not make the

15 phony diplomatic credentials and documents he used to complete the

16 fraud any less fake.  The motion should be denied.  <u>See</u> <u>United States</u>

17 <u>v. Jackson</u>, 209 F.3d 1103, 1106-07 (9th Cir. 2000) (affirming denial

18 of motion for new trial where new evidence would not have created a

19 reasonable doubt).

20 **V.   DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FAILS**

21      Defendant fails to satisfy the two-part test set forth in

22 <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  To prevail on an

23 ineffective assistance of counsel claim, a defendant must show that:

24 (1) counsel's actions were outside the wide range of professionally

25 competent assistance, measured under a standard of "reasonably

26 effective assistance," <u>Hovey v. Ayers</u>, 458 F.3d 892, 904 (9th Cir.

27 2006) (quoting <u>Strickland</u>, 466 U.S. at 687); and (2) he was

28 prejudiced by reason of counsel's actions, that is, there is "a

1    reasonable probability" that "but for counsel's unprofessional
2    errors, the result of the proceeding would have been different." Id.
3    (quoting Strickland, 466 U.S. at 694).  The standard a defendant must
4    meet is both "rigorous" and "highly demanding," and requires a
5    showing of "gross incompetence" on the part of counsel.  Kimmelman v.
6    Morrison, 477 U.S. 365, 381-82 (1986).  If a defendant fails to
7    establish either the deficient performance or the prejudice prong of
8    the Strickland test, this Court "must dismiss the claim."  United
9    States v. Sanchez-Cervantes, 282 F.3d 664, 672 (9th Cir. 2002).

10        The Court may consider a claim of ineffective assistance of
11   counsel if first raised in the district court prior to the judgement
12   of conviction.  United States v. Steele, 2733 F.3d 894, 897 (9th Cir.
13   2013).  Whether or not to do so is left to the discretion of the
14   district judge.  Id.  However, because ineffective assistance of
15   counsel claims are usually handled in evidentiary hearings (to
16   address the first prong) on habeas petitions the government will
17   focus on the second prong -- defendant fails to show prejudice.

18        Defendant now claims that the jury found guilt purely on
19   defendant's audio-recorded interview based on the jury's post-verdict
20   discussions with government and defense counsel.  Yet the rules of
21   evidence and binding case law bar the use of jury's statements to
22   attack the jury's verdict as defendant does here.  Under Federal Rule
23   of Evidence 606, the Court "may not receive a juror's affidavit or
24   evidence of a juror's statement" about, among other things, "the
25   jury's deliberations" or "any juror's mental process concerning the
26   verdict".  Fed. R. Evid. 606(b)(1); Warger v. Shauers, 135 S. Ct.
27   521, 528 (2014) ("Congress' enactment of Rule 606(b) was premised on
28   the concerns that the use of deliberations evidence to challenge

1   verdicts would represent a threat to both jurors and finality in

2   those circumstances not covered by the Rule's express exceptions.");

3   Smith v. City & Cty. of Honolulu, 887 F.3d 944, 954 (9th Cir. 2018)

4   ("Rule 606 ... establishes a no-impeachment rule ... to attack the

5   validity of a verdict.").

6       Because the post-verdict discussions are "evidence of a juror's

7   statement" about jury deliberations, the government requests that the

8   Court not consider it when evaluating defendant's motion.  See Smith,

9   887 F.3d at 954; United States v. Leung, 796 F.3d 1032, 1038 (9th

10  Cir. 2015) ("In light of the [Rule 606]'s prohibition on juror

11  testimony regarding the internal affairs of the jury, [defendant] was

12  not entitled to a new trial or evidentiary hearing on the basis of

13  the post-verdict juror affidavit."); see also United States v. Baker,

14  899 F.3d 123, 132 (2d Cir. 2018) (Rule 606(b) prohibits "jurors from

15  impeaching their verdict by testifying about the effect of ...such

16  deliberations ..., rendering the inquiry futile from the start").

17      Here, defendant was not prejudiced because the audio-recorded

18  interview was not tampered with or manipulated.  Furthermore, the

19  portion of the "location of "the event" as determined by audio

20  forensic expert" -- the nine-millisecond change in frequency -- was

21  not used in trial.  The government introduced approximately 10 audio-

22  recorded clips from the interview and defendant does not challenge

23  the authenticity or accuracy of those clips.  Therefore, the result

24  of the trial would not have been different and defendant was not

25  prejudiced.  In addition, even if the Court suppressed the audio-

26  recorded interview, there was still overwhelming evidence showing

27  defendant's diplomatic credentials were fraudulent and failed to meet

28  airport security requirements -- including defendant's prior

knowledge that he did not have diplomatic immunity.  Therefore, defendant was not prejudiced and his claim of ineffective assistance of counsel fails.

**VI.   THE GOVERNMENT DID NOT ACT IN BAD FAITH**

The government did not act in bad faith or make misrepresentations to the Court.  First, the government did not alter or manipulate the true and correct copy of defendant's interview with the FBI as explained above and in Wesley Williams' declaration.  Second, defendant's claim that the government made misrepresentations to the Court during defendant's detention hearing is unverified.  The government has not obtained the audio recording, however, representations made at the detention hearing had no bearing on defendant's conviction.  Third, the PSR specifically states, "Flint and others manufactured a purported diplomatic identification card (which Flint admitted he laminated), a diplomatic courier pouch, and a binder of documents that purportedly supported the legality of Flint's false claim of diplomatic status."  (PSR ¶ 98.)  Defendant's claims that the government lied and acted in bad faith are misplaced and irrelevant to guilt.

**VII. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion in its entirety.