Daniel Flint
525 N. Tryon, Suite 1600
Charlotte, NC 28202
(704) 904-8469
info@flint-law.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL FLINT,<br><br>Defendant. | Case No. CR-17-00697-SJO |

REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S PETITION FOR WRIT OF ERROR CORAM NOBIS *OR* MOTION FOR NEW TRIAL

NOW COMES Defendant, Daniel C. Flint ("Mr. Flint"), and for his reply to Plaintiff's response to Mr. Flint's *pro se* Petition for Writ of Error Coram Nobis or Motion for New Trial, Mr. Flint states as follows:

**I. REPLY TO PLAINTIFF'S INTRODUCTION**

The only argument of substance made in the government's "Introduction" is:

> Neither the FBI nor the United States Attorney's Office manipulated or altered the recording of [Mr. Flint]'s FBI interview. See Declaration of Wesley Williams ("Williams Decl."), ¶ 4 ("The recordings of [Mr. Flint]'s interview were not altered or manipulated in any way"). Thus, the FPD's office did not provide ineffective representation by refusing to file a frivolous claim. (Dkt. No. 162, p.3)

1

With all the power – all the money – all the resources – and all the lawyers available to the United States Government – <u>this</u> was the best response it could come up with. A self-serving affidavit from the very individual who ***potentially*** edited the audio; swearing to the fact that the audio wasn't edited.

The government's response contains no forensic evidence to prove the absence of manipulation; no forensic evidence to prove the Event was the result of equipment malfunction; and no forensic evidence to prove the Event was ***not*** the product of content manipulation – i.e. the product of intentional deletion. In other words, aside from this empty-conclusory statement, the government does not dispute the Expert's conclusion that: "To a reasonable degree of expert confidence, ***the reviewed recording is found to be a manipulated representation of the facts as they occurred.***" (Dkt. No. 158, p.12).

## II. MR. FLINT'S PETITION IS NOT PROCEDURALLY BARRED

After realizing it could not challenge Mr. Flint's Petition on a substantive level, the government argues:

> Under clearly established law, a writ of coram nobis is a "highly unusual remedy" that is available only to "attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence." *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994) (emphasis added).

As anticipated, the government attempts to avoid taking responsibility for its' intentional obstruction of justice by arguing that Mr. Flint is procedurally barred from bringing this petition. Here, the government cites *Telink* and makes the ***exact*** argument Mr. Flint preemptively addressed in his original Petition, in which he expressly discusses *Telink*. (Dkt. No. 158, p.10).

Mr. Flint hereby incorporates those arguments and respectfully requests this Honorable Court consider the same.

Although Mr. Flint will not rehash the same arguments raised in his Petition, a few points on this issue must be made. First, the government does not dispute Mr. Flint's contention the Supreme Court has never held that coram nobis relief is *only* available after sentencing. (Dkt. No. 158, p.10). With this regard, the government cites no opinion by the Supreme Court which indicates coram nobis relief is available only after a sentence. Instead, the government cites footnote 1 from a 2013 Supreme Court decision, which states in its entirety:

> A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person, like Chaidez, who is no longer "in custody" and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241. See *United States v. Morgan,* 346 U.S. 502, 507, 510–511, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Chaidez and the Government agree that nothing in this case turns on the difference between a coram nobis petition and a habeas petition, and we assume without deciding that they are correct.
> *Chaidez v. United States*, 133 S.Ct. 1103, 185 L. Ed. 2d 149, 568 U.S. 342 (2013)

Thus, nothing in the *Chaidez* decision indicates that a petition for coram nobis may *only* be brought after completions of a sentence. Furthermore, the seminal Supreme Court decision on this issue – *United State v. Morgan,* 346 U.S. 502, 505, 74 S.Ct. 247, 98 L.Ed. 248 (1954) – makes clear that coram nobis relief *is* appropriate in this instance:

> [F]ederal courts should act in doing justice if the record makes plain a right to relief.
> *Id.* at 505.

> There are few cases where the power to consider a motion for coram nobis relief has been denied.
> *Id.* at 510

> The writ of coram nobis was available at common law to correct errors of fact. It was allowed without limitation of time for facts that affect the 'validity and regularity' of the judgment, and was used in both civil and criminal cases.
>
> Id. at 507
>
> Where it cannot be deduced from the record whether counsel was properly waived, we think, no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief, this motion in the nature of the extraordinary writ of coram nobis must be heard by the federal trial court. ***Otherwise a wrong may stand uncorrected which the available remedy would right***.
>
> Id. at 512 (emphasis added)

Consequently, and for the reasons explained at length in Mr. Flint's original Petition, coram nobis relief is appropriate and necessary in this case.

### III. THE GOVERNMENT DID MANIPULATE EVIDENCE

The government provides no evidence, nor argument, to indicate that the audio in question was ***not*** manipulated. Instead, the government tries to muddy-the-waters by making conclusory statements about Mr. Flint and what ***they*** believe to be his true intent and/or knowledge. The government continues to make these allegations despite having read Mr. Flint's sentencing brief, which includes a great number of letters from individuals who indicate that Mr. Flint was provided the diplomatic identification card from his law school professor and past mentor – i.e. he ***did not*** manufacture the same.

Included in the sentence brief was a letter of support from Keith Creagh, the former Director of Michigan's Department of Natural Resources and Cabinet Member to the former Governor of Michigan, Rick Snyder. Here, Director Creagh states: "I will not forget when we were 'at camp' in the Upper Peninsula of Michigan and Dan announced that he had received diplomatic credentials" – i.e. Mr. Flint ***received*** the credentials from another. With this regard, if,

as the government is clearly trying to imply, Mr. Flint knew he was engaging in some illegal conduct, why on earth would he bring this alleged illegal conduct to the attention of the person who is literally the second most powerful government official in the State of Michigan? The question is rhetorical – as is whether the government deleted portions of Mr. Flint's FBI interview and presented the same to the jury.

**IV. MR. FLINT'S RULE 33 MOTION IS PROPER**

The government argues that Mr. Flint's Rule 33 motion must be denied "because all of the underlying facts relevant to his present allegations of newly discovered evidence were within his knowledge at the time of trial and could have been substantiated with the exercise of reasonable diligence, the evidence is not newly discovered." (Dkt. No. 162, p.7)(citations and quotations omitted). However, the government fails to recognize that Mr. Flint's counsel refused to act on the information provided. Thus, his counsel made it impossible for Mr. Flint to act with ***any*** diligence, let alone reasonable diligence. The government's argument is without merit.

Next, the government argues:

> The purported "new evidence" is not material to the issues at trial. That a portion of [Mr. Flint]'s recorded interview contains an alleged nine millisecond change in frequency does not alter the evidence presented at trial in any way.
> (Dkt. No. 162, p.8)

For the reasons stated in Mr. Flint's original petition, this statement could not be farther from the truth. Without rehashing those arguments, Mr. Flint will simply state that the deleted audio began milliseconds after the conclusion of clip 7 played at trial – the materiality of the deleted evidence is more than obvious.

5

| PAGE 23 - FULL TRANSCRIPT (ANALYISED BY EXPERT) | | | TRANSCRIPT OF CLIP 7 - EXHIBIT 53(A) ADMITTED AT TRIAL | |
|---|---|---|---|---|
| Line No. | SPEAKER | TRANSCRIPTION | SPEAKER | TRANSCRIPTION |
| 2 | RM: | But you never, but wait--You've never been turned away from a screening checkpoint? | RM | But you never, but wait--You've never been turned away from a screening checkpoint? |
| 3 | DF: | For? | DF | For? |
| 5 | RM: | For not wanting your bag to be screened. | RM | For not wanting your bag to be screened. |
| 7 | DF: | Not that I recall. | DF | Not that I recall. |
| 9 | RM: | OK. | RM | Okay. |
| 11 | DF: | No. | DF | No. |
| 13 | RM: | When was the last time you tried to fly? | | |
| 15 | DF: | Today. | | |
| 17 | RM: | Before today? | | |
| 18 | **LOCATION OF "THE EVENT" AS DETERMINED BY AUDIO FORENSIC EXPERT** | | | |
| 19 | UM: | [UI] and see if we can get this screened. | | |

Next, the government argues that Mr. Flint "could have had the file analyzed by his 'expert' in the ten months leading up to trial." (Dkt. No. 162, p.9). However, the government cites no authority as to why this should form a basis for denial of Mr. Flint's petition nor motion. Furthermore, the government admits it did not produce the audio clips it intended to play at trial until "October 10, 2018." (Dkt. 162, p.7). With this regard, Mr. Flint informed Mr. Harbaugh about the manipulation on October 14, 2018 – *four days* after the government identified what portion of the audio they would introduce at trial. The government's argument that Mr. Flint should have tested the evidence earlier is without merit.

The government also argues that Mr. Flint "could have also analyzed the audio file after his conviction (October 2018) and before he filed his first motion for judgment of acquittal in March 2019. His failure to do so provides an independent basis to deny the motion." (Dkt.162, p.9). Here, the government fails to realize that Mr. Flint was in the process of doing obtaining new counsel, as his current counsel refused to test the clearly manipulated evidence.

**V. MR. FLINT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL**

It is true that ineffective assistance of counsel "claims normally should be raised in habeas corpus proceedings, which permit counsel to develop a record as to what counsel did,

why it was done, and what, if any, prejudice resulted." *U.S. v. McKenna,* 327 F.3d 830, 845 (9th Cir., 2003)(quotations and citations omitted). However, there are two exceptions in which direct review of such claims is appropriate: (1) when the record "is sufficiently developed to permit review and determination of the issue, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Id.*

In our case, the relevant facts have been adequately developed and are raised in Mr. Flint's original petition. In addition, the facts raised in Mr. Flint's original petition clearly indicate that Mr. Flint's legal representation was so inadequate that he was obviously denied his Sixth Amendment right to counsel. Thus, this Honorable Court may properly hear Mr. Flint's ineffective assistance of counsel argument.

With this regard, the government argues that "the rules of evidence and binding case law bar the use of jury's statements to attack the jury's verdict as [Mr. Flint] does here." (Dkt. 162, p.10). Here, the government claims:

> Under Federal Rule of Evidence 606, the Court "may not receive a juror's affidavit or evidence of a juror's statement" about, among other things, "the jury's deliberations" or "any juror's mental process concerning the verdict.
>
> (Dkt. 162, p.10-11)

In support, the government cites *Warger v. Shauers*, 135 S. Ct. 521, 528 (2014) in support of its' claim that "because the post-verdict discussions are 'evidence of a juror's statement' about jury deliberations, the government requests that the Court not consider it when evaluating [Mr. Flint]'s motion." (Dkt. 162, p. 11). However, as is typical for this government, it only cites the portion of the holding in *Warger* that is in-line with its' false claim that evidence of

7

the jury's statements cannot be considered. In reality, the *Warger* decision, and Rule 606 for that matter, ***actually*** state:

> During an inquiry into the validity of a verdict, evidence about any statement made or incident that occurred during the jury's deliberations is inadmissible. Rule 606(b)(1). ***The Rule contains three specific exceptions***—allowing testimony about whether (A) ***extraneous prejudicial information*** was improperly brought to the jury's attention; (B) an outside influence was improperly brought to bear on any juror; or (C) a mistake was made in entering the verdict on the verdict form. Rule 606(b)(2).
> *Warger v. Shauers*, 135 S.Ct. 521, 525, 190 L.Ed.2d 422 (2014) (citation omitted).

In other words, "a juror cannot testify as to how the jury arrived at its verdict unless it did so under the influence of extraneous prejudicial information." *Krantz v. McCormick*, 990 F.2d 1258 (9th Cir., 1993). "Generally speaking, information is deemed 'extraneous' if it derives from a source "external" to the jury." *Warger v. Shauers*, 135 S.Ct. 521, 529, 190 L.Ed.2d 422 (2014). As a result, the jury testimony is not excluded because the jury arrived at its' verdict "under the influence of extraneous prejudicial information" – i.e. the manipulated audio evidence.

**VI. CLOSING**

The government's response contains no forensic evidence to prove the absence of manipulation; no forensic evidence to prove the Event was the result of equipment malfunction; and no forensic evidence to prove the Event was ***not*** the product of content manipulation – i.e. the product of intentional deletion.

Moreover, the government's affidavit indicates that the recording was ***not*** a complete recording of Mr. Flint's FBI interview – a fact the government has ***never*** disclosed until now. This alone is proof that the government presented both the jury and this Honorable Court with an

audio file that was "an ***incomplete representation of the facts as they occurred***." (Dkt. 158, p.12).

Moreover, the only thing the affidavit presented by the government establishes (assuming it is truthful) is that Mr. Williams uploaded the audio clips to the FBI system, which then got sent to the US Attorney's office. It does ***not*** indicate that the US Attorney's office did not edit the same. Thus, the affidavit is of no significance what-so-ever. Finally, more important than what the government did say, is what it did ***not*** say:

1. The government does not deny that it destroyed the original audio;

2. The government does not deny that the Expert found an Event that "cannot result from normal file handling or compression, nor from an audible event;" (Dkt. 158, p.12)

3. The government does not deny that the Event "is not a natural occurrence;" (Dkt. 158, p.11)

4. The government does not deny that the Event is "***consistent with editing***;" (Id.)

5. The government does not deny that "the existence of the Event is fact, and its audio profile is inconsistent with known types of equipment malfunction;" (Id. at 12)

6. The government does not deny that "it is possible to create the Event audio profile through ***audio editing manipulation***;" (Id.)

7. The government does not deny that "***content manipulation is more likely than that of questionable content***;" (Id.)

8. The government does not deny that "the audio begins ***in the middle of someone's sentence***" – i.e. a portion of the conversation has been deleted; (Id. at 13)

9. The government does not deny that "Mr. Flint's answer to Agent Marriott's question is inexplicably gone;" (Id. at 23)

10. The government does not deny that it "cannot establish the absence of material deletions or alterations because the original has been destroyed;" (Id. at 28)

11. The government does not deny that the deleted audio "begins ***immediately*** after the conclusion of audio clip 7 (played twice for the Jury) and clip 7's transcript (published to the Jury); (Id. at 30)

12. The government does not deny that "the audio cannot be authenticated because the government cannot identify who the relevant speakers are;" (Id. at 31)

13. The government cannot does not deny that, by deleting the original recording, it made it impossible for the Expert to definitively (or with a high degree of certainty) prove that the audio was manipulated;" and finally, (Id. at 26)

14. The government does not deny that, "to a reasonable degree of expert confidence, *the reviewed recording is found to be a manipulated representation of the facts as they occurred*." (Id. at 26)

**THEREFORE**, Defendant, Daniel C. Flint, respectfully asks this Honorable Court to Grant his Petition for a Writ of Error Coram Nobis, vacate the Jury's guilty verdict, and dismiss all charges against him or grant an evidentiary hearing to address the issues presented.

In the alternative, Defendant respectfully requests that this Honorable Court Grant his Rule 33 Motion, vacate the Jury's guilty verdict, and Order a new trial be held or grant an evidentiary hearing to address the issues presented.

Respectfully Submitted,

*/s/ Daniel C. Flint*

**The Law Offices of Daniel C Flint, P.C.**
Daniel C. Flint, Esq. (50,000)
525 N. Tryon, Suite 1600
Charlotte, NC 28202
(704) 904-8469

Dated: September 5, 2019