**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  19-50300 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00697-SJO-1 |
| v. | |
| DANIEL FLINT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted May 3, 2021
Pasadena, California

Before:  KLEINFELD, WARDLAW, and GOULD, Circuit Judges.

Daniel Flint challenges his conviction for knowingly and willfully entering a

sterile airport area with the intent to evade security requirements under 49 U.S.C.

§ 46314(a), (b)(2).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Flint argues that venue in the Central District of California was improper. The district court's failure to instruct the jury on venue was error, but because no reasonable jury could find that venue in the Central District was improper for the crime of entering the Los Angeles International Airport in violation of security requirements, the error was harmless. *See United States v. Moran-Garcia*, 966 F.3d 966, 971 (9th Cir. 2020).

Flint further argues that the government presented insufficient evidence to sustain his conviction. Specifically, Flint argues that he did not commit any element of the crime charged because he did not violate any of Los Angeles International Airport's security procedures. The regulations, however, speak generally of complying with procedures used to control access to sterile areas, regardless of whether those procedures are at the departure or arrival airport. *See, e.g.*, 49 C.F.R. § 1540.107(a). Regardless of what occurred in Chicago, Flint was charged with and convicted of criminal conduct at Los Angeles International Airport.

Flint similarly claims that he did not "knowingly and willfully enter" the Los Angeles International Airport terminal because he was escorted off the plane by

law enforcement.  A reasonable jury, however, could have concluded that Flint, having voluntarily boarded a plane bound for Los Angeles International Airport, intended to enter that airport, and did what he intended.  It is generally permissible to assume one intends the natural consequences of one's actions.  *United States v. Loera*, 923 F.2d 725, 728 (9th Cir. 1991).  In this case, Flint voluntarily boarded a plane bound for Los Angeles International Airport, and a reasonable jury could have concluded he intended to enter the Los Angeles International Airport in violation of the procedures used to secure that area upon arrival.  Furthermore, Flint does not dispute that he physically entered the airport, albeit under the watchful eye of law enforcement.

Flint also claims that the indictment was constructively amended because the specific regulations in the jury instructions were not included in the indictment. The indictment, however, tracked the statute of conviction, as did the jury instructions and the judgment of conviction.  Thus, the indictment was not substantially altered at trial, such "that it was impossible to know whether the grand jury would have indicted for the crime actually proved."  *See United States v. Davis*, 854 F.3d 601, 603 (9th Cir. 2017) (quoting *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002)).  Flint further claims that the jury instructions

were defective because the regulations do not address deplaning procedures and were thus inapplicable. This contention, however, is based on Flint's erroneous contention that the relevant regulations do not apply at destination airports. *See, e.g.*, 49 C.F.R. § 1540.107(a) (containing no textual limitation to departure airports).

Additionally, Flint argues that the prosecution committed reversible misconduct by misconstruing testimonial and video evidence. Prosecutors, however, are allowed to make reasonable inferences when arguing before the jury. *United States v. Flores*, 802 F.3d 1028, 1035 (9th Cir. 2015) (citing *United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997)). Furthermore, contrary to Flint's assertions, the prosecution did not commit cumulative errors sufficient to warrant reversal under plain error review. *See id.* at 1042.

Finally, Flint argues that the government may have altered an audio clip that possibly contained exculpatory information. This claim, however, was in Flint's joint post-trial petition for a writ of *coram nobis* and motion for a new trial. Because Flint had not yet been sentenced, *coram nobis* relief was not available to him. *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994). Furthermore,

because the audio recording was not new evidence, the motion for a new trial was late.  Fed. R. Crim. P. 33(b).  Thus, the district court properly denied this claim on procedural grounds.

**AFFIRMED.**